**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona, ) | No. CR-09-987-PHX-DGC |
| Plaintiff/Respondent, ) | Related State Cases: |
| ) | No. CR2008-139964-001 SE |
| vs. ) | No. CR2009-103406-001 SE |
| Granville L. Carroll ) | **ORDER** |
| Defendant/Petitioner. ) | |

Granville Carroll is awaiting trial or other disposition on state felony charges. *See State v. Carroll*, Nos. CR2008-139964, CR2009-103406 (Ariz. Super. Ct. Sept. 28, 2009). Carroll has filed a notice of removal (Dkt. #1) and a petition to remove his criminal actions from state court to this District Court (Dkt. #2).

Generally, "a federal court should abstain from interfering with ongoing state criminal proceedings[.]" *Gedo v. Idaho*, No. CV 09-00166-E-BLW, 2009 WL 2848850, at *1 (D. Idaho Aug. 28, 2009) (citing *Younger v. Harris*, 401 U.S. 37, 43-45 (1971)). A state prosecution may be removed to federal court under the narrow circumstances set forth in 28 U.S.C. §§ 1442-43. Pursuant to 28 U.S.C. § 1446, the federal court must examine the defendant's removal papers "to determine whether removal is appropriate, and the court has the authority to remand a case, *sua sponte*, for lack of subject matter jurisdiction." *Id.* (citing 28 U.S.C. § 1446(c)(4)).

Carroll does not assert that he is a federal officer or a member of United States armed forces. Sections 1442 and 1442a therefore do not apply. *See id.*

1 Section 1443(2) authorizes removal "[f]or any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." 28 U.S.C. § 1443(2). The Supreme Court has construed this provision as conferring "'a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights.'" *Gedo*, 2009 WL 2848850, at *1 (quoting *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966)). Carroll's case does not fall within that category.

Section 1443(1) authorizes removal of a state criminal case where the defendant "is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States[.]" 28 U.S.C. § 1443(1). "This generally requires a state law or constitutional provision that denies the defendant an opportunity to raise a federal right." *D'Hollander v. S.F. County Super. Ct.*, No. C 09-519 SI (pr), 2009 WL 975428, at *1 (N.D. Cal. Apr. 9, 2009) (citing *Johnson v. Mississippi*, 421 U.S. 213, 220 (1975)). Even where a state law does not, on its face, explicitly deny the defendant the opportunity to enforce a federal right, "removal may be appropriate if an 'equally firm prediction' can be made that the defendant will be unable to enforce the federal right in state court." *Id.* (quoting *Johnson*, 421 U.S. at 219-20).

Carroll has identified no state law or constitutional provision that denies him the opportunity to raise a federal right, nor has he shown that he will be unable to enforce a federal right in state court. Carroll asserts generally that the state court has denied him the right "to have a fair trial, or receive equal justice under the law." Dkt. ##1 at 1, 2 at 2. This assertion appears to be based on the denial of his request for change of counsel and certain alleged acts of prosecutorial and judicial misconduct. *See generally* Dkt. ##1-2. "Broad contentions of deprivations of equal protection and due process such as these will not support removal under § 1443(1)." *Gedo*, 2009 WL 2848850, at *1 (citing *Johnson*, 421 U.S. at 219).

Section 1443(1) is strictly construed against removal as "it is considered an

encroachment on state court jurisdiction." *Johnson v. Washington*, No. C07-0696-MJP, 2007 WL 2377141, at *1 (W.D. Wash. Aug. 15, 2007). Because Carroll has not shown that he will be denied the ability to enforce a specific federal right in state court, and because § 1443(1) "has no role in accommodating generalized fears of unfairness in the criminal justice system[,]" *D'Hollander*, 2009 WL 975428, at *2, Carroll's petition to remove must be denied. *See Oregon v. Hadsell*, No. 08-844-HU, 2008 WL 4534111, at *2 (D. Or. Oct. 3, 2008) (denying petition where the defendant asserted general due process and human rights violations).

The petition also must be denied as untimely. Absent good cause, the defendant must file the petition to remove "not later than thirty days after the arraignment in State court, or at any time before trial, whichever is earlier[.]" 28 U.S.C. § 1446(c)(1). Carroll's arraignments took place more than thirty days before he filed the instant petition. *See State v. Carroll*, No. CR2008-139964 (Ariz. Super. Ct. Aug. 18, 2008); *State v. Carroll*, No. CR2009-103406 (Ariz. Super. Ct. Jan. 26, 2009). The petition is therefore untimely. *See Rosenbalm v. Foulk*, No. C 08-3436 SI (pr), 2008 WL 5391425, at *1 (N.D. Cal. Dec. 15, 2008) (denying petition due to the "incurable" procedural deficiency of untimeliness).

**IT IS ORDERED:**

1. Granville Carroll's petition to remove criminal action from state court to United States District Court (Dkt. #2) is **denied**.
2. The Clerk is directed to **remand** this matter to state court.

DATED this 5th day of October, 2009.

_____
David G. Campbell
United States District Judge